UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FREDERICK ZACCHEO d/b/a THE DINOSAUR
PROJECT,                                                     Index No.

                              Plaintiff,                 **COMPLAINT**

     - against-

UNIVERSAL CITY STUDIOS LLC AND AMBLIN'
ENTERTAINMENT, INC., and DOES 1-10,

                           Defendants.
-------------------------------------------------------------------X

      Plaintiff Frederick Zaccheo d/b/a The Dinosaur Project ("Zaccheo" or "Plaintiff"), by and

through his undersigned attorneys, hereby filed this Complaint against defendants Universal City

Studios LLC ("Universal") and Amblin' Entertainment, Inc. ("Amblin") and Does 1-10

(Universal, Amblin and Does 1-10, together, "Defendants") for breach of contract and trademark

infringement, and alleges as follows:

### NATURE OF THIS ACTION

      1.      This is an action by Zaccheo to recover damages against Universal and Amblin

for breach of their contract with him through their widespread infringement of the trademarked

phrase SAVE THE DINOS, in and in connection with Defendants' creation and promotion of the

2018 film *Jurassic World: Fallen Kingdom*, and their willful misappropriation of the SAVE THE

DINOS slogan to drive sales of clothing, merchandising, licensing and ticket sales.

      2.      Universal and Amblin specifically agreed in a writing with Zaccheo (**Exhibit A**)

that they would not "use the name SAVE THE DINOS as a source identifier in connection with

goods and services in International Class 025, or related to charitable, environmental, animal

rights or endangered species issues," and then proceeded to violate that provision numerous

times, as discussed throughout this Complaint and reflected in the images below:

*Jurassic World: Fallen Kingdom* "Dinosaur Protection Group" Viral Promotional Website and Video, showing Actors from the Film wearing "Save the Dinos" T-Shirts:





<u>Same T-Shirt for Sale on Hot Topic Website</u>



## **JURISDICTION AND VENUE**

**3.** This Court has jurisdiction over each of the Defendants because defendant Universal maintains its corporate operations at 30 Rockefeller Plaza in New York City, each of the Defendants maintains ongoing operations in New York, and because Defendants engaged in negotiations with, and entered into a written agreement with, Plaintiff Zaccheo in New York. They also purposefully availed themselves of the jurisdiction by advertising and showing the film *Jurassic World: Fallen Kingdom*, in New York.

4. Venue for this action properly lies in New York, New York, based on Plaintiff's location, as well as at least one of the Defendants' locations.

## **THE PARTIES**

**5.** Plaintiff Frederick Zaccheo is an individual residing in Levittown, New York. Zaccheo founded and maintains an organization called The Dinosaur Project (www.savethedinos.org), which sells t-shirts bearing the SAVE THE DINOS slogan, and

3

donates a portion of its revenues to help protect endangered species.

6.      Universal City Studios LLC is a Delaware Limited Liability Company with its film operations based on Los Angeles California, and its corporate operations based in New York City.  It is a subsidiary of NBCUniversal Media, LLC.  Universal is a film studio that advertises, markets and shows its films throughout the world, including in New York City. Universal is registered to do business in New York as a foreign corporation.

7.      Amblin Entertainment, Inc. is an American film and television production company founded by director and producer Steven Spielberg, and film producers Kathleen Kennedy and Frank Marshall. The company's headquarters are located on the backlot of Universal Studios in California.  Like Universal, Amblin advertises, markets and shows its films throughout the world, including in New York City.  Also like Universal, Amblin is registered to do business in New York as a foreign corporation.

8.      Does 1-10 are corporate affiliates of Universal and/or Amblin, or other unaffiliated companies, that also used the SAVE THE DINOS slogan in violation of Plaintiff's rights and in ways that damaged Plaintiff.  The true names and identities of Does 1-10 are not currently known to Plaintiff, and Plaintiff will seek to amend this Complaint once additional facts about Does 1-10 are known to him.

## FACTS

**Plaintiff Has Been Using SAVE THE DINOS Since 2015**

9.      Zaccheo founded The Dinosaur Project in 2015.  Zaccheo maintains a website at www.savethedinos.org.  Zaccheo sells t-shirts bearing the SAVE THE DINOS slogan, and donates a portion of the proceeds to various organizations that work to save endangered species, as shown below:

4







10.     Plaintiff owns the federal trademark registration on the Supplemental Register for SAVE THE DINOS for "clothing, namely, shirts, hats, pants," Registration No. 5352445.  A copy of the Certificate of Registration is attached as **Exhibit B**.

**Defendants Wanted to Use SAVE THE DINOS, and Sought Plaintiff's Consent**

11.     *Jurassic World* was the fourth film in the *Jurassic Park* film franchise.  It was

released in June 2015, and it is reported to have made over $1.67 billion worldwide.[1]

12.     In the early summer of 2017, Defendants' legal counsel contacted Zaccheo, advising him that Defendants were making another *Jurassic World* film, that they were aware of Zaccheo's use of SAVE THE DINOS, and that they sought his consent for the use of the SAVE THE DINOS slogan in and around the next *Jurassic World* film.

13.     Negotiations followed, and the parties ultimately executed the Consent Agreement attached as **Exhibit A** on August 15, 2017.  Under the Consent Agreement, Defendants agreed to pay Zaccheo $50,000, and Zaccheo consented to

> the use by UCS and Amblin of the slogan SAVE THE DINOS for advertising, marketing, and merchandising, including physical and digital, related to the Film, provided that UCS and Amblin always use the slogan SAVE THE DINOS in connection with the other branding associated with the JURASSIC PARK / JURASSIC WORLD franchise, and provided that USC and Amblin do not use the name SAVE THE DINOS as a source identifier in connection with goods and services in International Class 025, or related to charitable, environmental, and animal rights or endangered species.

14.     Zaccheo's reason for these limitations are clear.  Zaccheo planned to continue to raise money for endangered species through The Dinosaur Project and the sale of SAVE THE DINOS t-shirts.  He did not want Defendants' use of the phrase in connection with the upcoming film, and its anticipated massive advertising and marketing campaigns and substantial merchandising efforts, to interfere with his project and its goals.  He therefore insisted that Defendants not use SAVE THE DINOS to sell clothing (International Class 025), and not use SAVE THE DINOS to promote competing charitable, environmental, animal rights or endangered species efforts.

15.     He also insisted – and Defendants agreed – that whether or not SAVE THE DINOS was used as a "source identifier" for clothing, or charitable, environmental, animal rights

---

[1] https://www.boxofficemojo.com/movies/?id=jurassicpark4.htm.

or endangered species efforts, Defendants count not use the SAVE THE DINOS SLOGAN alone, and <u>always</u> had to use it "in connection with the other branding associated with the JURASSIC PARK / JURASSIC WORLD franchise."  This was also sensible, as the presence of other *Jurassic Park/World* branding would serve to lessen the likelihood that consumers would falsely associate the products with Zaccheo's The Dinosaur Project or (via reverse confusion), associate Plaintiff with Defendants' products and efforts.

16.     The *Jurassic World* sequel, entitled *Jurassic World: Fallen Kingdom* was released in June 2018.  It went on to make over $1.3 billion in film receipts worldwide, the 12th-most successful film of all time (slightly more successful than *Frozen* and slightly less successful than *Star Wars: The Last Jedi*).[2]

17.     Upon information and belief, Defendants made many millions of dollars in merchandising revenue connected to the film, including revenue from, or driven by, sales of SAVE THE DINOS apparel.

18.     Notwithstanding the parties' explicit agreement to the limitations discussed above, Defendants used SAVE THE DINOS in ways that violated the Consent Agreement and constituted trademark infringement, by using SAVE THE DINOS as a source identifier on t-shirts, socks, and, upon information and belief, other items of clothing.

19.     It is undisputed that Defendants used SAVE THE DINOS on clothing, as shown in the photographs below of actual items available for sale (all of these photos are also reproduced in **<u>Exhibit C</u>**):

---

[2] https://www.boxofficemojo.com/movies/?id=jurassicworldsequel.htm.
https://www.boxofficemojo.com/alltime/world/.









20.     Defendants will argue that the uses of SAVE THE DINOS shown above are not "source identifiers," but that position fails when considered in the context of the pervasive advertising and marketing campaign Defendants launched around this very phrase.

21.     In addition, whether Defendants' use of SAVE THE DINOS is characterized as a

13

"source identifier" (and Plaintiff maintains that it absolutely should be), Defendants do not appear to have lived up to their independent obligation under the Consent Agreement to "always use the slogan SAVE THE DINOS in connection with the other branding associated with the JURASSIC PARK / JURASSIC WORLD franchise." As reflected in the pictures of the white t-shirt (the same one shown in the viral marketing campaign discussed below), and of the socks, Defendants appear to have been inconsistent in their adherence to this separate obligation.[3]

**Defendants' Viral Marketing Campaign**

22.     The plot of *Jurassic World: Fallen Kingdom* revolves around the imminent eruption of Mount Sibo, a <u>fictional</u> volcano on Isla Nublar, a <u>fictional</u> island that houses Jurassic Park, the <u>fictional</u> theme park depicted in the original Michael Chrichton novels (released in 1990 and 1995) and first three Jurassic films (released in 1993, 1997 and 2001), and Jurassic World, the <u>fictional</u> theme park depicted in the 2015 and 2018 films.

23.     In the months leading up to the release of *Jurassic World: Fallen Kingdom*, Defendants launched a multi-faceted advertising and marketing campaign centered around the theme of saving the fictional dinosaurs on the fictional island from the fictional volcano. Upon information and belief, Defendants purchased the website in February 2017, put up a placeholder page in December 2017, and first went live with content in February 2018.

24.     To that end, Defendants created the "Dinosaur Protection Group," a fictional organization run by the character of Claire Dearing from the first *Jurassic World* film and portrayed by Bryce Dallas Howard. They built and launched a website at www.dinosaurprotectiongroup.com. Visiting that URL did and still does load a faux

---

[3] Plaintiff does not concede that Defendants <u>ever</u> properly lived up to this restriction, but points out the white T-shirts and socks as examples where they clearly did not.

promotional video for the organization,[4] featuring Ms. Howard wearing a SAVE THE DINOS t-shirt:



25.    Playing the 1:17-length video brings up additional images of the film's stars wearing the SAVE THE DINOS t-shirts:



---

[4] This video can also be accessed directly at https://youtu.be/rX8NZdZ3GMQ.



26.    The video pairs these images with entreatments to "save the dinosaurs" and the hashtag #WECANSAVE THEM.  Once the video ends, visitors are presented with the opening page of the website which – once again – features Ms. Howard and others wearing SAVE THE DINOS t-shirts:



27.    Visitors navigating the site continue to encounter the SAVE THE DINOS moniker and the t-shirts:



28.    Defendants also built out companion sites on Facebook (beginning in December

2017), Instagram (in March 2018) and Twitter (in April 2018), all of which also featured

prominently the same or similar SAVE THE DINOS still images and videos discussed above:

Dinosaur Protection Group on Facebook:



17

Dinosaur Protection Group on Instagram:





Dinosaur Protection Group on Twitter:



29.    Defendants even ran an "Adopt-A-Dinosaur" contest, on fictional "Dino Day" (May 15, 2018), where the prizes were SAVE THE DINOS t-shirts and SAVE THE DINOS stickers, and promoted this contest across its viral marketing platforms:

Dinosaur Protection Group on Facebook:



Dinosaur Protection Group on Twitter:



Dinosaur Protection Group on Instagram:



30.     As discussed above, this variation on the SAVE THE DINOS t-shirt is also available for purchase and at issue in this case:



31.    Defendants took their viral marketing campaign to a deeper level, marking up the website of the fictional Jurassic World theme park to make it appear as if it had been "hacked" by the fictional Dinosaur Protection Group and including on it a button for SAVE THE DINOS, which redirected visitors back to the Dinosaur Protection Group site, where they were of course confronted once again with the SAVE THE DINOS t-shirt-clad cast members:



32.     SAVE THE DINOS was an integrated and sophisticated component of Defendants' efforts to market the film by referencing a fictional character and her fictional organization.  SAVE THE DINOS is unquestionably a source identifier for the *Jurassic World* franchise.  Defendants' decision to create and sell t-shirts bearing the SAVE THE DINOS slogan was an effort to further this extension not only to sell clothing but to drive consumers back to the film franchise.

33.     In addition, as noted above, Defendants failed to consistently use SAVE THE DINOS alongside other *Jurassic* franchise branding.

34.     To the extent that Defendants' activities are deemed to fall outside of the scope of the Consent Agreement, they – along with Does 1-10 – are independently liable for trademark infringement and unfair competition, as discussed below.

### FIRST CAUSE OF ACTION
#### (Breach of Contract against Universal and Amblin)

35.     Plaintiff repeats and realleges each and all of the allegations above as if they were fully set forth herein.

36.     On August 17, 2017, Plaintiff Zaccheo, and Defendants Universal and Amblin, entered into a written Consent Agreement regarding Defendants' use of Zaccheo's slogan SAVE THE DINOS in connection with the then-"upcoming motion picture entitled JURASSIC WORLD: FALLEN KINGDOM (the 'Film')."  See **Exhibit A**.

37.     Defendants agreed to pay, and Plaintiff agreed to accept, $50,000, under the following conditions:

> The Dinosaur Project hereby consents to the use by UCS and Amblin of the slogan SAVE THE DINOS for advertising, marketing, and merchandising, including physical and digital, related to the Film, provided that UCS and Amblin always use the slogan SAVE THE DINOS in connection with the other branding associated with the JURASSIC PARK / JURASSIC WORLD franchise, and provided that USC and Amblin do not use the name SAVE THE

23

DINOS as a source identifier in connection with goods and services in International Class 025, or related to charitable, environmental, animal rights or endangered species issues.

38.     As long as Defendants adhered to those conditions, Plaintiff agreed that "The Dinosaur Project will take no action to interfere with the use of the SAVE THE DINO slogan by Universal City Studios LLC."

39.     Defendants have used the name SAVE THE DINOS as a source identifier in connection with goods and services in International Class 025, including but not limited to in connection with their sale and/or licensing of SAVE THE DINOS in connection with t-shirts and socks.  This was a breach of the Consent Agreement.

40.     Defendants also used the name SAVE THE DINOS without the other branding associated with the JURASSIC PARK / JURASSIC WORLD franchise.  This was also a breach of the Consent Agreement.

41.     Upon information and belief, Defendants have enjoyed millions of dollars in revenue associated with the sale of SAVE THE DINOS clothing, as well as the very real ancillary benefits to the *Jurassic World* film franchise that arise from the proliferation of franchise-branded merchandise.

42.     Plaintiff has been damaged in an amount to be determined at trial, but which is estimated to exceed $10 million.

43.     By reason thereof, Plaintiff is entitled to judgment against Universal and Amblin in an amount to be determined at trial, but which is estimated to exceed $10 million.

## SECOND CAUSE OF ACTION
### (Federal Trademark Infringement against Universal, Amblin, and Does 1-10)

44.     Plaintiff repeats and realleges each and all of the allegations above as if they were fully set forth herein.

45.     Plaintiff maintains an organization named The Dinosaur Project, which maintains a website at www.savethedinos.com.

46.     Plaintiff sells merchandise, including t-shirts, bearing the slogan SAVE THE DINOS, through its website.

47.     Plaintiff is the owner of a federal trademark, registered on the Supplemental Register, for SAVE THE DINOS in International Class 025, for "clothing, namely, shirts, hats, pants."  See **Exhibit B**.

48.     Defendants Universal, Amblin and Does 1-10 have been selling or licensing for sale t-shirts and socks branded with the SAVE THE DINOS slogan, which they use as a means of associating and identifying the clothing with the *Jurassic World* film franchise.

49.     Before Defendants began selling or licensing for sale these items of clothing, they knew that Plaintiff had already been using the SAVE THE DINOS slogan in commerce, and that he had a then-pending application for registration of that trademark.

50.     Defendants also knew that Plaintiff objected to their use of SAVE THE DINOS in any manner that would interfere with the goals and success of The Dinosaur Project.

51.     Defendants directly and willfully infringed on Plaintiff's trademark through their sale or licensing of SAVE THE DINOS t-shirts and socks.

52.     Defendants' actions in connection with clothing sales were likely to lead to consumer confusion, and Defendants' knew that that was the case.

53.     Upon information and belief, Defendants have taken steps, including but not limited to the purchase of "ad words," and similar efforts to impact the results of Google and other search engines, so that searches for SAVE THE DINOS would bring up Defendants' – rather than Plaintiff's – site and goods:



54.     Defendants' actions in connection with keyword advertising were likely to lead to consumer confusion, and Defendants' knew that that was the case.

55.     Defendants unlawfully used the slogan SAVE THE DINOS as a centerpiece of their vast advertising marketing campaign for the *Jurassic World: Fallen Kingdom* film, also in a manner likely to cause consumer confusion.  As such, Defendants unlawfully used SAVE THE DINOS, in contravention of Plaintiff's rights, to drive ticket sales, merchandising, licensing and all other forms revenue arising from the film.

56.     Defendants' actions in connection with the advertising and marketing of the film were likely to lead to consumer confusion, and Defendants' knew that that was the case.

57.     The aforesaid actions of the Defendants have and will continue to create confusion to consumers and the relevant trade buying with ordinary care, and Plaintiff further avers that the Defendants are fully aware that their activities will falsely identify and falsely misrepresent the source of its goods.

58.     The aforesaid actions of the Defendants have and will continue to constitute Federal Trademark Infringement under 15 U.S.C. §1114.

59.     Unless properly enjoined by this Court, the confusion and deception noted immediately above, and the likelihood therefor, will continue with irreparable harm and damage to Plaintiff.

60.     Plaintiff has been damaged in an amount to be determined at trial, but which is estimated to exceed $10 million.

61.     By reason thereof, Plaintiff is entitled to judgment against Universal and Amblin in an amount to be determined at trial, but which is estimated to exceed $10 million.

### THIRD CAUSE OF ACTION
### (Federal Unfair Competition against Universal, Amblin and Does 1-10)

62.     Plaintiff repeats and realleges each and all of the allegations above as if they were fully set forth herein.

63.     As a complete and separate ground of relief, Plaintiff hereby charges the Defendants with Federal common law unfair competition under 15 U.S.C. §1125.

64.     The Defendants' unauthorized and unlawful misappropriation of the SAVE THE DINOS slogan has enabled the Defendants to unlawfully trade upon the established good will and reputation of Plaintiff. Defendants are thus unjustly enriching themselves at the expense and

to the damage and injury of Plaintiff, and unless enjoined by this Court, will further impair the value of Plaintiff's trademark, its reputation and good will.

65.     Plaintiff has been damaged in an amount to be determined at trial, but which is estimated to exceed $10 million.

66.     By reason thereof, Plaintiff is entitled to judgment against Universal and Amblin in an amount to be determined at trial, but which is estimated to exceed $10 million.

### FOURTH CAUSE OF ACTION
### (New York Common Law Unfair Competition against Universal, Amblin and Does 1-10)

67.     Plaintiff repeats and realleges each and all of the allegations above as if they were fully set forth herein.

68.     As a complete and separate ground of relief, Plaintiff hereby charges the Defendants with common law unfair competition under the laws of the State of New York.

69.     Plaintiff has expended effort and money to create and build the SAVE THE DINOS brand as a means of selling items of clothing and raising money for various animal rights causes.

70.     As a result of the sale or licensing by the Defendants of comparable products using the SAVE THE DINOS slogan, Plaintiff's reputation has been misappropriated.

71.     By appropriating the SAVE THE DINOS slogan the Defendants are able to "palm off" their infringing products as the genuine products of Plaintiff, and misleading the public into thinking that their purchases will result in money going to the various animal rights organizations supported by Plaintiff.

72.     The Defendants are thus deliberately and knowingly misrepresenting and diverting Plaintiff's goodwill, and the reputation symbolized thereby, and therefore unfairly competing with Plaintiff.

73.     Upon information and belief, the unfair competition of the Defendants has caused, and if allowed to continue, will continue to cause sales of Plaintiff's products to be lost and/or diverted improperly to the Defendants.

74.     The unfair competition of the Defendants has caused substantial and irreparable damage and injury to Plaintiff, and in particular to its valuable goodwill and reputation, and unless enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Plaintiff.

75.     Defendants have also been unlawfully enriched by their misappropriation of the SAVE THE DINOS slogan and their use of the slogan to drive various forms of revenue, including but not limited to clothing sales, ticket sales, licensing and merchandising.

76.     Plaintiff has been damaged in an amount to be determined at trial, but which is estimated to exceed $10 million.

77.     By reason thereof, Plaintiff is entitled to judgment against Universal and Amblin in an amount to be determined at trial, but which is estimated to exceed $10 million.

**FIFTH CAUSE OF ACTION**
**(New York Statutory Unfair Competition against Universal, Amblin and Does 1-10)**

78.     Plaintiff repeats and realleges each and all of the allegations above as if they were fully set forth herein.

79.     As a complete and separate ground of relief, Plaintiff hereby charges the Defendants with unfair competition and consumer deception under the laws of the State

80.     The aforementioned activities of Defendants violate §§ 349 and 350 of the New York General Business Law, as Defendants have been unlawfully enriched by their unlawful use of the SAVE THE DINOS slogan to drive various forms of revenue, including but not limited to clothing sales, ticket sales, licensing and merchandising.

81.     Plaintiff has been damaged in an amount to be determined at trial, but which is estimated to exceed $10 million.

82.     By reason thereof, Plaintiff is entitled to judgment against Universal and Amblin in an amount to be determined at trial, but which is estimated to exceed $10 million.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Frederick Zaccheo, d/b/a The Dinosaur Project, respectfully prays for judgment against Defendants Universal City Studios LLC, Amblin' Entertainment, Inc. and Doe 1-10 as follows:

    a.   On the First Cause of Action, for an order that Universal and Amblin knowingly and willfully breached the Consent Agreement, and awarding Plaintiffs damages of at least $10 million, plus interest;

    b.   On the Second Cause of Action, for an order that Universal, Amblin and Does 1-10 knowingly and willfully infringed upon Plaintiff's federally-registered trademark, and awarding Plaintiffs damages of at least $10 million, plus interest;

    c.   On the Third Cause of Action, for an order that Universal, Amblin and Does 1-10 knowingly and willfully engaged in federal unfair competition, and awarding Plaintiffs damages of at least $10 million, plus interest;

    d.   On the Fourth Cause of Action, for an order that Universal, Amblin and Does 1-10 knowingly and willfully engaged in common law unfair competition under New York law, and awarding Plaintiffs damages of at least $10 million, plus interest;

e.  On the Fifth Cause of Action, for an order that Universal, Amblin and Does 1-10 knowingly and willfully engaged in statutory unfair competition under New York law, and awarding Plaintiffs damages of at least $10 million, plus interest;

f.  For an order of punitive damages in an amount adequate to punish Defendants for their wrongful conduct, and to deter similar conduct in the future;

g.  For an award of attorneys' fees and costs; and

h.  For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Frederick Zaccheo d/b/a The Dinosaur Project demands a trial by jury.

Dated: New York, New York
        October 30, 2018

PARNESS LAW FIRM, PLLC

By:_____/s/ Hillel I. Parness_____
Hillel I. Parness
136 Madison Ave., 6th Floor
New York, New York  10016
(212) 447-5299
*hip@hiplaw.com*
*Attorneys for Frederick Zaccheo d/b/a*
*The Dinosaur Project*